# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| GREGORY CARL MORSE also known as GREGORY C. MORSE, | § § § | |
| v. | § § | Civil Action No. 4:16-CV-279 (Judge Mazzant/Judge Nowak) |
| CODILIS & STAWIARSKI, P.C., DITECH FINANCIAL, LLC, DITECH FINANCIAL, LLC, NA | § § § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On April 12, 2017, the report of the Magistrate Judge (Dkt. #67) was entered containing proposed findings of fact and recommendations that Defendant Codilis & Stawiarski, P.C.'s Amended and Supplemental Rule 12(b)(6) Motions to Dismiss (Dkt. #54; Dkt. 56) be granted. Having received the report of the Magistrate Judge (Dkt. #67), having considered Plaintiff's timely filed objections (Dkt. #71), Defendant's response (Dkt. #85), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #67) as the findings and conclusions of the Court.

### BACKGROUND

The Magistrate Judge previously set forth the procedural and factual history of this litigation relevant to Plaintiff's allegations against Defendant Codilis & Stawiarski, P.C., and such facts need not be restated fully herein (*see* Dkt. #67). This litigation arises out of Defendant Ditech's

(and its predecessors') attempts to foreclose on the real property located at 223 High Point, Murphy, Texas 75094, of which Plaintiff alleges he is the owner. Defendant Codilis & Stawiarski, P.C. was retained to assist Ditech with the foreclosure of the property. It is undisputed that Defendant Codilis was acting as foreclosure counsel for Defendant Ditech at all times relevant to this suit. Plaintiff asserts multiple claims against Defendant Codilis, each of which is premised on Defendant Codilis's purported fraudulent activities performed during the course of its representation of Defendant Ditech, including: (1) "Assignment of Substitute Trustee"; (2) "Filing of the fraudulent Notice of Substitute Trustee Sale"; (3) "Lying that the Notice of Substitute Trustee's Sale was a true copy of the one filed with the County"; (4) "Assisting in the conducting of an illegal foreclosure sale on May 3, 2016 in Collin County, Texas"; (5) "Engaging in racketeering activities"; and (6) "Developing statutorily defective documents in association with the Substitute Trustee's Sale . . ." (*see* Dkt. #49 at 14, 22-28, 30, 39-42, 44, 46; Dkt. #58 at 11).

On April 12, 2017, the Magistrate Judge entered a report and recommendation, recommending that Defendant Codilis and Stawiarski' P.C.'s Amended and Supplemental Rule 12(b)(6) Motions to Dismiss (Dkt. #54; Dkt. 56) be granted. The Magistrate Judge recommended Plaintiff's claims against Defendant Codilis be dismissed after finding Defendant Codilis was acting as counsel for Ditech in connection with any foreclosure attempts and as such was entitled to attorney immunity. On April 24, 2017, Plaintiff filed Objections (Dkt. #71) to the report and recommendation. The Objections were filed by "Gregory Carl Morse, Executor, on behalf of Gregory C. Morse" (Dkt. #71). On May 17, 2017, the Magistrate Judge conducted a hearing and confirmed that, notwithstanding such statement, no change in parties had occurred,

and the objections were filed by *pro se* Plaintiff Gregory C. Morse (Dkt. #96). On May 1, 2017, Defendant Codilis & Stawiarski, P.C. filed its Response to Plaintiff's Objections (Dkt. #85).

**PLAINTIFF'S OBJECTIONS**

Plaintiff objects to the Magistrate Judge's finding that Defendant Codilis is entitled to attorney immunity; the Court discerns two primary reasons Plaintiff contends the Magistrate Judge's finding is in error: (1) attorney immunity can be invoked only when an attorney is prosecuting a suit for a client that has legal standing, and (2) Defendant Codilis knowingly engaged in fraudulent activities and there can be no attorney immunity for fraud.[1] Defendant Codilis argues in its Response that Plaintiff failed to properly object to any specific findings contained within the report and recommendation, and further, alleges that, even if Plaintiff had properly objected, he has still failed to demonstrate how the Magistrate Judge's attorney immunity analysis is flawed. In light of Plaintiff's objection, the Court has undertaken a de novo review of the Magistrate Judge's finding that Defendant Codilis is entitled to attorney immunity, considering each of the reasons Plaintiff alleges such finding is in error. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3).

*Objection 1 – Scope of Attorney Immunity*

Plaintiff's first objection contends that attorney immunity is only applicable when an attorney is "prosecuting a suit" for a client with "legal standing." To the extent Plaintiff argues by and through his use of the phrase "prosecuting a suit" that attorney immunity applies only to counsel involved in litigation, and not to counsel pursuing foreclosure proceedings, Plaintiff's assertion is incorrect. The Texas Supreme Court made clear in *Cantey Hanger, LLP v. Byrd* that

---

[1] Plaintiff's objections specifically assert that (i) Defendant Codilis knew its actions for its clients were in violation of the law, (ii) Defendant Codilis has a responsibility to uphold the law and advise its clients against actions contravening the law, and (iii) any person who makes or uses a document knowing it is fraudulent is liable for any damages resulting from such use. The Court construes these assertions collectively to be an allegation by Plaintiff that Defendant Codilis knowingly engaged in fraudulent activity, and as such is not entitled to immunity.

3

while "[t]he majority of Texas cases addressing attorney immunity arise in the litigation context[,] [t]hat is not universally the case." 467 S.W.3d 477, 482 n.6 (Tex. 2015) (collecting cases). Numerous opinions in other cases have found attorney immunity applicable outside of the litigation context, including specifically in foreclosure proceedings. *See, e.g., Bitterroot Holdings, LLC v. MTGLQ Inv'r, L.P.*, No. 5:14-CV-862-DAE, 2015 WL 363196, at *4-5 (W.D. Tex. Jan. 27, 2015).

The Court also finds unavailing Plaintiff's assertion that a lawyer is without protection from liability arising out of representation of a client where the client is alleged to lack legal standing. Here, Plaintiff alleges that Defendant Ditech (and its predecessors) lacked legal standing to undertake foreclosure because Plaintiff's contract (the underlying note and deed of trust) lacked consideration. Plaintiff seemingly asserts that, because Defendant Ditech is alleged to lack standing to foreclose or pursue claims against Plaintiff, Defendant Codilis cannot claim attorney immunity. More specifically, Plaintiff alleges the Court cannot make a determination regarding whether the actions of Defendant Codilis were consistent with the discharge of its duty in representing a party without first determining Defendant Ditech's standing to engage in foreclosure.

The determination of immunity "focuses on the kind of conduct engaged in, not on whether the conduct was meritorious in the context of the underlying lawsuit." *Bitterroot Holdings*, 2015 WL 363196, at *4 (quoting *Bradt v. West*, 892 S.W.2d 56, 71 (Tex. App. – Houston [1st Dist.] 1994, writ denied). Thus, it is of no moment to the Court's analysis of the application of attorney immunity whether Plaintiff will ultimately prevail on his claims against Ditech or in his assertion that Ditech is without standing to pursue a foreclosure action. Rather, the Court's focus is on whether Defendant Codilis' conduct was within the scope of its legal

representation of Defendant Ditech. Under Texas law, an attorney representing a client in foreclosure proceedings is entitled to immunity for actions taken during such representation. Accordingly, Plaintiff's first objection is overruled.

### *Objection 2 – No Fraud Exception to Attorney Immunity*

Plaintiff next objects to the Magistrate Judge's finding that Defendant Codilis is entitled to attorney immunity notwithstanding Plaintiff's fraud assertions. Specifically, Plaintiff alleges that "NO LAWYER IS IMMUNE FROM LIABILITY WHEN FRAUD IS INVOLVED." Plaintiff's argument is premised, in large part, on Defendant Codilis's alleged actual knowledge of the prior litigation and/or bankruptcy matters related to the property and Plaintiff's resulting belief that Defendant Codilis's work in connection with any foreclosure proceedings was wrongful, baseless, or otherwise without merit.

The Magistrate Judge directly confronted this issue in the report and recommendation, noting that "merely labeling an attorney's conduct 'fraudulent' does not and should not remove it from the scope" of attorney immunity. Indeed, the Fifth Circuit clarified in its March 2016 opinion *Troice v. Proskauer Rose, LLP*, that there is no fraud exception to attorney immunity. 816 F.3d 341, 345 (5th Cir. 2016). So long as the conduct complained of is "the kind of conduct in which an attorney engages when discharging his duties to his client," immunity shall lie. *Id*. at 348. "That some of [an attorney's conduct in representing a client is] allegedly wrongful, or that [the attorney] allegedly carried out some of his responsibilities in a fraudulent matter, is no matter." *Id.* at 348 (relying on *Cantey Hanger*, 467 S.W.3d at 485). To reiterate, the immunity analysis focuses on the type of conduct, not on whether the conduct was meritorious.

Plaintiff's continued citation to *Santiago v. Mackie Wolf Zientiz & Mann, P.C. (Santiago I),* No. 05-13-00620-CV, 2014 WL 4072131 (Tex. App.—Dallas, Aug. 19, 2014, pet.

denied) and *Likover v. Sunflower Terrace II, Ltd*., 696 S.W.2d 468 (Tex. App.—Houston [1st Dist.] 1985, no writ) for any contrary proposition is misplaced. Notably, *Santiago I* reversed and remanded the trial court's decision on appeal. After the case was remanded to the trial court, summary judgment was granted in favor of the law firm on immunity grounds. A second appeal followed. The Dallas Court of Appeals found on the second appeal that, because the law firm's conduct was within the scope of its legal representation, attorney immunity applied. *Santiago v. Mackie Wolf Zientiz & Mann, P.C.,* 2017 WL 944027 (Tex. App.—Dallas, Mar.10, 2017, no pet.); *see also, Lewis v. Am. Expl. Co*., 4 F. Supp. 2d 673, 378-79 (S.D. Tex. 1998) (distinguishing *Likover* because that case "involve[d] allegations that the lawyer sued [had] assisted clients in fraudulent business schemes and did not involve actions taken in the context of litigation").

Herein, Plaintiff does not dispute that Defendant Codilis is foreclosure counsel for Ditech, or that Defendant Codilis's alleged conduct was the kind of conduct attorneys engage in when discharging duties to a client. Irrespective of whether Plaintiff believes Defendant Codilis's provision of legal services was well reasoned or meritorious, such work still constitutes the provision of legal services to a client. Defendant Codilis is entitled to attorney immunity. Plaintiff's second objection is overruled.

## CONCLUSION

Having considered Plaintiff's timely filed objections (Dkt. #71), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #67) as the findings and conclusions of the Court.

Accordingly, it is, **ORDERED** that Defendant Codilis & Stawiarski, P.C.'s Amended and Supplemental Rule 12(b)(6) Motions to Dismiss (Dkts. #54, 56) is **GRANTED**, and Plaintiff's claims against Defendant Codilis & Stawiarski, P.C. are **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

SIGNED this 5th day of June, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE